IN THE COURT OF APPEALS OF TENNESSEE

FILED

February 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, | ) C/A NO. 03A01-9706-JV-00224 |
| | ) |
| Petitioner-Appellee, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) APPEAL AS OF RIGHT FROM THE |
| | ) HAMILTON COUNTY JUVENILE COURT |
| ANNA PATRICIA MALONE, | ) |
| | ) |
| Respondent-Appellant. | ) |
| | ) |
| | ) |
| | ) |
| IN THE MATTER OF: | ) |
| WILLARD FILLMORE REDNOWER | ) HONORABLE SUZANNE BAILEY, |
| JESSIE MAE REDNOWER | ) JUDGE |

For Appellant

DOROTHY M. RAY
Buck & Ray, PLLC
Chattanooga, Tennessee

For Appellee

JOHN KNOX WALKUP
Attorney General & Reporter

DOUGLAS EARL DIMOND
Assistant Attorney General
General Civil Division
Nashville, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

1

The trial court's judgment terminated the parental rights of Anna Patricia Malone ("Mother") in and to her children, Willard Fillmore Rednower (DOB: October 1, 1983) and Jessie Mae Rednower (DOB: September 15, 1985).[1] She appealed, arguing, in her words, that the Department of Children's Services ("DCS") "failed to make reasonable efforts to reunite the family as required by T.C.A. [§] 37-1-166"; that the court erred in finding clear and convincing evidence of Mother's "substantial noncompliance" with a plan of care formulated by DCS pursuant to T.C.A. § 37-2-403; and that the court erred in finding clear and convincing evidence of a basis for terminating Mother's parental rights under T.C.A. § 37-1-147.[2]

Following a bench trial, the court entered a judgment finding clear and convincing evidence to support its conclusion that termination of Mother's parental rights was justified under two of the bases for termination set forth in the Code: T.C.A. § 36-1-113(g)(2) and T.C.A. § 36-1-113(g)(3)(A)(i)-(iii).[3] In this

───────────────

[1]The parental rights of the children's father, Paul Rednower, were terminated in 1993. There was no appeal from that earlier judgment.

[2]While the appellant refers to this code section, it is clear from her brief that she is actually relying on the provisions of T.C.A. § 36-1-113. These provisions were formerly found at T.C.A. § 37-1-147.

[3]The pertinent provisions of T.C.A. § 36-1-113 are as follows:

> (g) Termination of parental or guardianship rights may be based upon any of the following grounds:
>
> *    *    *
>
> (2) There has been substantial noncompliance by the parent or guardian with the statement of responsibilities in a permanency plan or a plan of care pursuant to the provisions of title 37, chapter 2, part 4;
>
> (3)(A) The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and:
>
> (i) The conditions which led to the child's removal or other conditions which in all reasonable probability would cause the child to be subjected to further abuse or neglect and which, therefore, prevent the child's

non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the factual findings that we must honor "unless the preponderance of the evidence is otherwise."  Rule 13(d), T.R.A.P.  "The scope of review for questions of law is *de novo* upon the record of the [trial court] with no presumption of correctness."  ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997).

While it is clear that a parent has a fundamental right to the care, custody and control of his or her child, *see* ***Stanley v. Illinois***, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), it is likewise clear that this right is not absolute.  It may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute.  ***Santosky v. Kramer***, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

Mother first argues, in the words of the pertinent statute, that DCS did not make reasonable efforts to "[m]ake it possible for the child to return home."  She relies on T.C.A. § 37-

---

> return to the care of the parent(s) or guardian(s), still persist;
>
> (ii) There is little likelihood that these conditions will be remedied at an early date so that the child can be returned to the parent(s) or guardian(s) in the near future; and
>
> (iii) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a stable and permanent home.

3

1-166.[4]  We disagree with Mother's characterization of the facts in this case.

On the issue of "reasonable efforts" by DCS, the State of Tennessee, through the Office of the Attorney General, relies on a code provision, which, we believe, is more relevant to the issue at hand.  As pertinent here, T.C.A. § 36-1-113(h) provides as follows:

> In determining whether termination of parental or guardianship rights is in the best interest of the child pursuant to this part, the court shall consider, but is not limited to, the following:
>
> *     *     *
>
> (2) Whether the parent or guardian has failed to effect a lasting adjustment after reasonable efforts by available social services agencies for such duration of time that lasting adjustment does not reasonably appear possible;

The children at issue have been away from Mother for over eight years.  The record is replete with efforts by DCS during that period, both in Marion County and in Hamilton County, to improve Mother's parenting skills and her circumstances in order to facilitate the safe return of the children to her.  Mother argues

---

[4] T.C.A. § 37-1-166 provides, in pertinent part, as follows:

> (a) At any proceeding of a juvenile court, prior to ordering a child committed to or retained within the custody of the department of children's services, the court shall first determine whether reasonable efforts have been made to:
>
> *     *     *
>
> (2) Make it possible for the child to return home.
>
> (b) Whenever a juvenile court is making the determination required by subsection (a), the department has the burden of demonstrating that reasonable efforts have been made to prevent the need for removal of the child or to make it possible for the child to return home.

4

that DCS could have done more to reunite these children with their mother.  This is no doubt true; but this is not the criteria.  The statute does not require a herculean effort on the part of DCS.  What is required is that the State make "reasonable efforts."  The evidence does not preponderate against a finding that DCS has met its obligation under T.C.A. § 36-1-113(h)(2).

Mother next argues that the record fails to support the trial court's finding, by clear and convincing evidence, that she failed to substantially comply with a plan of care.  Again, we disagree.  The evidence reflects that Charlene Whittenburg of DCS wrote to Mother in September, 1995, advising her to attend parenting classes as required by the plan of care, a copy of which was transmitted to her with that correspondence.  The letter was sent by certified mail; its receipt was acknowledged by the signature of Mother's live-in boyfriend, William Eller.  It is clear that Mother failed to attend these classes.  There is evidence that Mother said she did not want to attend these classes until she received her income tax return and bought a car.  The evidence does not preponderate against the trial court's factual findings supporting a conclusion, by clear and convincing evidence, that Mother failed to substantially comply with the plan of care.  The proof clearly supports the trial court's conclusion that Mother was aware that she was required to attend parenting classes, but failed to do so.  Termination was justified under T.C.A. § 36-1-113(g)(2).  Mother's second issue is found to be without merit.

5

Finally, Mother contends that termination is not justified under T.C.A. § 36-1-113(g)(3)(A)(i)-(iii). We cannot agree.

DCS took these children into its custody on July 13, 1988. They were originally removed from parental custody because they had been subjected to acts of physical and sexual abuse. At the time of the hearing below, Mother was living with a man who had been accused of sexually abusing Natasha, Mother's third child -- an allegation that DCS concluded was true, following an internal review. We find that termination was justified under T.C.A. § 36-1-113(g)(3)(A)(i)-(iii). We find this by clear and convincing evidence. Furthermore, the record reflects, again by clear and convincing evidence, that termination is in the best interest of these children. *See* T.C.A. § 36-1-113(c)(2).

The judgment of the trial court is affirmed. This case is remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion. Costs on appeal are taxed to the appellant.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.

6